UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No.: 8:07-cr-354-T-27AAS

JOSHUA RYAN
_____/

**REPORT & RECOMMENDATION**[1]

Mr. Joshua Ryan seeks to dismiss his violations of supervised release. (Doc. 87). According to Mr. Ryan, because federal authorities executed an arrest warrant in June 2019 for his alleged violations of supervised release, he has been denied a timely supervised release revocation hearing. (*Id.*). The government opposes Mr. Ryan's motion because Mr. Ryan is not in federal custody but remains in state custody on pending state charges unrelated to the violations alleged in his probation officer's petition, so the federal arrest warrant has not been executed yet. (Doc. 90). Upon review, Mr. Ryan's motion to dismiss should be **DENIED**.

**I.   BACKGROUND**

On November 26, 2007, Mr. Ryan pleaded guilty to possessing a firearm while a felon. (Docs. 22, 23). Mr. Ryan qualified for sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), (Doc. 90, ¶ 1). Mr. Ryan

---

[1] Since this is a dispositive motion, the undersigned is issuing a Report and Recommendation to the district court judge.

1

received a sentence of 157 months imprisonment (Docs. 32, 36), but following the Supreme Court invalidating part of ACCA, the court granted Mr. Ryan's motion under 28 U.S.C. § 2255, vacated his judgment, and sentenced him to time served and three years of supervised release starting August 4, 2016 (Docs. 69, 74, 75, 77).

On May 8, 2019, the U.S. Probation Office submitted a petition to the court alleging the defendant violated his supervised release by testing positive for cocaine four times in 2019. (Docs. 83 & 90, ¶ 2). The court issued an arrest warrant on May 14, 2019, but the arrest warrant remains unexecuted. (Doc. 86). On June 19, 2019, Sarasota County Sheriff's Office along with the members of the U.S. Marshall Services (USMS) executed a search warrant of Mr. Ryan's apartment. (Doc. 90, ¶¶ 3–4). During the search, they found crack cocaine, fentanyl, digital scales, and plastic baggies. (*Id.* at ¶ 4). The Sarasota County Sheriff's Office arrested Mr. Ryan, and the State Attorney's Office charged Mr. Ryan with possession of cocaine with intent to distribute and possession of controlled substance with intent to sell or deliver in Sarasota County Circuit Court. (*Id.*) On June 20, 2019, the USMS submitted to Sarasota County Jail a federal detainer, which requests that the Sarasota County Jail notify the USMS prior to Mr. Ryan's release so that the USMS may assume custody if necessary. (Doc. 90-1). Currently, Mr. Ryan remains at Sarasota County Jail pending resolution of his state charges.

## II. ANALYSIS

Hearings to revoke supervised release do affect the liberty interest of individuals and triggers limited protection under the Due Process Clause. *Morrissey*

*v. Brewer*, 408 U.S. 471, 484 (1972). One due process right of the individual is to have a revocation hearing within a reasonable time after being taken into custody. *Id.* at 488. This right has been codified in Federal Rules of Criminal Procedure, which requires the individual "held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge," and "the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(a)(1), (b)(2).

Mr. Ryan currently remains in state custody for pending state drug charges, and the violator warrant has not been executed. *See Cook v. U.S. Atty. Gen*, 488 F.2d 667, 671 (5th Cir. 1974)[2] ("A parole violators warrant is executed when its command is carried out—that is when the parolee is retaken and returned to federal custody pursuant to it."). Until the federal warrant is executed, any contention that Mr. Ryan is constitutionally entitled to a hearing on the federal supervised release violation charges lacks merit. Further, the USMS providing a federal detainer to the state authorities does not trigger a federal defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161. *United States v. Shahryar*, 719 F.2d 1522, 1523–25 (11th Cir. 1983). Therefore, Mr. Ryan's motion to dismiss his supervised release violations should be **DENIED.**

**RECOMMENDED** in Tampa, Florida, on October 2, 2019.

*[signature: Amanda Arnold Sansone]*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

Copy to:

Joshua Ryan
#49640-018
Sarasota County Jail
P.O. Box 49588
Sarasota, Florida 34230