**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              **Case No.: 8:07-cr-354-T-27AAS**

**JOSHUA RYAN**
_____/

**REPORT & RECOMMENDATION**[1]

Mr. Joshua Ryan sought to dismiss his violations of supervised release. (Doc. 87). The government opposed Mr. Ryan's motion. (Doc. 90). The undersigned issued a Report and Recommendation on October 2, 2019 recommending denial of Mr. Ryan's motion to dismiss. (Doc. 91). On October 8, 2019, Mr. Ryan replied to the government's response (Doc. 92) and then on October 28, 2019, Mr. Ryan filed another motion to dismiss his violations of supervised release (Doc. 94). The district court remanded the motion to the undersigned for reconsideration and ordered the government to respond to Mr. Ryan's October 8th reply. (Doc. 93).

Mr. Ryan seeks to dismiss his violations of supervised release because federal authorities executed an arrest warrant in June 2019 for his alleged violations of supervised release and so he has been denied a timely supervised release revocation hearing. (Docs. 92, 94). Mr. Ryan provided the court with the investigate narrative

---

[1] Since this is a dispositive motion, the undersigned is issuing a Report and Recommendation to the district court judge.

1

from Sarasota County Sheriff's Office describing the warrants executed against Mr. Ryan including the federal warrant for violating supervised release. (Doc. 94-1). After a review of Mr. Ryan's documentation and speaking with the U.S. Marshal Services (USMS) and the U.S. Probation Office, the government now recommends the U.S. Probation's petition alleging Mr. Ryan violated the conditions of his supervised release be dismissed. (Doc. 95).

This court detailed the facts in its prior Report and Recommendation. (Doc. 91). Since the court issued that report, Mr. Ryan and the government provided corrected facts important in resolving Mr. Ryan's motion.

On May 8, 2019, the U.S. Probation Office submitted to the court a petition alleging Mr. Ryan violated his supervised release by testing positive for cocaine four times in 2019. (Doc. 95, ¶ 8). The court issued an arrest warrant on May 14, 2019 (Doc. 86), then the USMS assigned a Deputy U.S. Marshal to find and arrest Mr. Ryan on that warrant (Doc. 95, ¶ 8). During June 2019, the Sarasota County Sheriff's Office (SCSO) investigated Mr. Ryan for selling drugs and found the federal arrest warrant after review of law enforcement databases. (*Id.* at ¶ 9). Based on the information from the investigation and the federal arrest warrant, narcotics investigators within the SCSO contacted one of their colleagues, a deputy who serves on the USMS fugitive task force but was not the original Deputy U.S. Marshal assigned to execute the May 14th arrest warrant. (*Id.* at ¶ 10). On June 20, 2019, the USMS fugitive task force deputy and SCSO narcotics investigators went to Mr. Ryan's apartment where Mr. Ryan was arrested on the federal arrest warrant and

SCSO executed a state search warrant for Mr. Ryan's apartment. (*Id.* at ¶ 13). The USMS fugitive task force deputy booked Mr. Ryan in the Sarasota County Jail on the federal arrest warrant under the belief state drug charges would be filed soon. (*Id.* at ¶ 14). Since his arrest on the federal warrant, Mr. Ryan has been detained in the Sarasota County jail, but, to date, the executed arrest warrant has not been returned or filed on the court docket. Subsequent to the arrest on the federal warrant, the state charged Mr. Ryan with the felony state drug crimes and the state assumed custody of Mr. Ryan to face those charges. (*Id.* at ¶ 15). At no time has Mr. Ryan had a hearing to revoke his supervised release or even an initial appearance for his federal arrest.

Hearings to revoke supervised release, like hearings to revoke parole, are not criminal prosecutions. These proceedings do not trigger the "full panoply of rights" which attach during a criminal trial, including the Sixth Amendment's guarantee of a speedy trial. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). These proceedings do, however, affect the liberty interests of individuals, and trigger limited protections under the Due Process Clause. *Id.* at 484. The due process right triggered by a revocation proceeding is the right to have a "revocation hearing . . . within a reasonable time after the parolee is taken into custody." *Id.* at 488. This right has been codified in Fed. R. Crim. P. 32.1, which requires that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge," and that "the court must hold the revocation hearing

within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(a)(1) and (b)(2) (emphasis added).

Because Mr. Ryan did not receive a final revocation hearing within a reasonable time, Mr. Ryan's motion to dismiss his supervised release violations (Doc. 87) should be **GRANTED** and the May 8, 2019 violation of supervised release petition should be **DISMISSED.**

**RECOMMENDED** in Tampa, Florida, on November 8, 2019.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

Copy to:

Joshua Ryan
#49640-018
Sarasota County Jail
P.O. Box 49588
Sarasota, Florida 34230